Local Form 3015-1 (12/17)

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MINNESOTA THIRD DIVISION

In re:

CHARLES T WILLIAMS
JAYNE G WILLIAMS

Case no.: 17-33811
CHAPTER 13 PLAN ☑ Modified
Dated: May  8, 2018

Debtor.

In a joint case, debtor means debtors in this plan.

**Part 1. NOTICE OF NON-STANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE: Debtors must check the appropriate boxes below to state whether or not the plan includes each of the following items:**

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 9 or 17 | ☐ Included | ☑ Not included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 17 | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 17 | ☐ Included | ☑ Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE**

2.1   As of the date of this plan, the debtor has paid the trustee $4,226.00.

2.2   After the date of this plan, the debtor will pay the trustee $2,113.00 per month for 12 months beginning May 2018 for a total of $25,356.00, **then** $2,345.00 per month for 17 months beginning May 2019 for a total of $39,865.00, **then** $2,627.00 per month for 27 months beginning October 2020 for a total of $70,929.00, for a grand total of $136,150.00. The initial plan payment is due not later than 30 days after the order for relief.

2.3   The minimum  plan length is ☐ 36 months or ☑ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.

2.4   The debtor will also pay the trustee: **The debtors will also pay an additional $384.18 per month for the months of June 2018 through April 2019 (11 months) for a total of $4,225.98 in order to make up the payments missed prior to modification.**

2.5   The debtor will pay the trustee a total of $144,601.98 [lines 2.1 + 2.2 + 2.4]

**Part 3. PAYMENTS BY TRUSTEE** — The trustee will make payments only to creditors for which proofs of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or $14,460.98 [line 2.5 x .10]

**Part 4.   ADEQUATE PROTECTION PAYMENTS (§ 1326(a)(1(C))** — The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| Creditor | Monthly Payment | Number of Months | Total Payments |
|---|---|---|---|
| -NONE- | | | |
| TOTAL | | | $0.00 |

**Part 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]** — The debtor assumes the following executory contracts or unexpired leases. Debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 8.

| Creditor | Description of Property |
|---|---|
| -NONE- | |

**Part 6. CLAIMS NOT IN DEFAULT** — Payments on the following claims are current and the debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any.

| | Creditor | Description of Property |
|---|---|---|
| 6.1 | Capital One Auto Finance | 2008 Dodge Ram 1500 |
| 6.2 | Consumer Portfolio Services | 2017 Ford Escape |

**Part 7. HOME MORTGAGES IN DEFAULT (§§ 1322(b)(5) and 1322(e))** — The trustee will cure payment defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens. **All following entries are estimates.** The trustee will pay the actual amounts of default.

| Creditor | Amount of default | Monthly payment | Beginning in month # | Number of payments | Total payments |
|---|---|---|---|---|---|
| -NONE- | | | | | |
| TOTAL | | | | | $0.00 |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                                                 Best Case Bankruptcy

**Part 8. CLAIMS IN DEFAULT (§§ 1322 (b)(3) and (5) and 1322(e)):** The trustee will cure payment defaults on the following claims as set forth below. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any. **All following entries are estimates, except for interest rate.**

| Creditor | Amount of default | Interest rate (if any) | Monthly payment | Beginning in month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |
| TOTAL | | | | | | $0.00 |

**Part 9. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5)) (secured claim amounts in plan this Part control over any contrary amount except for secured claims of governmental units):** The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column below. Unless otherwise specified in Part 17, the creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge, and if this case is dismissed or converted without completion of the plan, such liens shall also be retained by such holders to the extent recognized by applicable nonbankruptcy law. **Notwithstanding a creditor's proof of claim filed before or after confirmation, the amount listed in this Part as a creditor's secured claim binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim.** For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with FRBP 3012(c) controls over any contrary amount.

| Creditor | Claim amount | Secured Claim | Interest Rate | Beginning in month # | (Monthly payment) | X Number of payments | = Plan payments | + Adq. Pro. from Part 4 | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
| -NONE- | | | | | $ | | | | |
| TOTAL | | | | | | | | | $0.00 |

**Part 10. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325) (910 vehicles and other things of value)(allowed filed secured claim controls over any contrary amount):** The trustee will pay in full the amount of the following allowed secured claims. **All following entries are estimates, except for interest rate.** The creditors will retain liens. Unmodified 910 claims not in default are addressed in Part 6. Unmodified 910 claims in default are addressed in Part 8.

| Creditor | Claim amount | Interest Rate | Beginning in month # | (Monthly payment) | X Number of payments | = Plan payments | + Adq. Pro. from Part 4 | = Total payments |
|---|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | | |
| TOTAL | | | | | | | | $0.00 |

**Part 11.  PRIORITY CLAIMS (not including claims under Part 12):** The trustee will pay in full all claims entitled to priority under § 507(a)(2) through (a)(10), including the following. **The amounts listed are estimates.** The trustee will pay the amounts actually allowed.

| | Creditor | Estimated Claim | Monthly payment | Beginning in Month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|
| 11.1 | Attorney Fees | $750.00 | $750.00 | 1 | 1 | $4,249.00* |
| | *$3,499.00 has been paid. | | | | | |
| 11.2 | Internal Revenue Service | $3,855.00 | pro rata | | | $3,855.00* |
| | *$368.82 has been paid. | | | | | |
| 11.3 | Minnesota Department of Revenue | $511.00 | pro rata | | | $511.00* |
| | *$48.84 has been paid. | | | | | |
| | TOTAL | | | | | $8,615.00 |

**Part 12. DOMESTIC SUPPORT OBLIGATION CLAIMS:** The trustee will pay in full all domestic support obligation claims entitled to priority under § 507(a)(1), including the following. **The amounts listed are estimates.** The trustee will pay the amounts actually allowed.

| | Creditor | Estimated Claim | Monthly payment | Beginning in Month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|
| | -NONE- | | | | | |
| | TOTAL | | | | | $0.00 |

**Part 13.  SEPARATE CLASSES OF UNSECURED CLAIMS** — In addition to the class of unsecured claims specified in Part 14, there shall be separate classes of non-priority unsecured creditors described as follows:   -NONE-
The trustee will pay the allowed claims of the following creditors. **All entries below are estimates.**

| Creditor | Interest Rate (if any) | Claim Amount | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |
| TOTAL | | | | | | $0.00 |

**Part 14.  TIMELY FILED UNSECURED CLAIMS** — The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under Parts 3, 7, 8, 9, 10, 11, 12 and 13 their pro rata share of approximately $121,526.00  [line 2.5 minus totals in Parts 3, 7, 8, 9, 10, 11, 12 and 13].

14.1     The debtor estimates that the total unsecured claims held by creditors listed in Part 9 are $0.00.

14.2     The debtor estimates that the debtor's total unsecured claims (excluding those in Part 9 and 13) are $121,442.00.

14.3     Total estimated unsecured claims are $121,442.00 [lines 14.1 + 14.2].

**Part 15.  TARDILY-FILED UNSECURED CREDITORS** — All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 4, 7, 8, 9, 10, 11, 12, 13 and 14, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed.

**Part 16.  SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under §§ 362(a) and 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

| Creditor | Description of Property |
|---|---|
| -NONE- | |

**Part 17. NONSTANDARD PROVISIONS:** The Trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in FRBP 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void. Any request by the debtor to modify a claim secured only by a security interest in real property that is the debtor's principal residence must be listed in this Part and the debtor must bring a motion to determine the value of the secured claim pursuant to Local Rule 3012-1(a).

17.1

| Class of Payment | | Amount to be paid |
|---|---|---|
| Payments by trustee's [Part 3] | $ | 14,460.98 |
| Home Mortgage Defaults [Part 7] | $ | 0.00 |
| Claims in Default [Part 8] | $ | 0.00 |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 9] | $ | 0.00 |
| Secured claims excluded from § 506 [Part 10] | $ | 0.00 |
| Priority Claims [Part 11] | $ | 8,615.00 |
| Domestic support obligation claims [Part 12] | $ | 0.00 |
| Separate classes of unsecured claims [Part 13] | $ | 0.00 |
| Timely filed unsecured claims [Part 14] | $ | 121,526.00 |
| TOTAL (must equal line 2.5) | $ | 144,601.98 |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 17.

Signed:     /s/ Robert J. Hoglund
Robert J. Hoglund 210997
Attorney for debtor or debtor if pro se

Signed:     /s/ CHARLES T WILLIAMS
CHARLES T WILLIAMS
Debtor 1

Signed:     /s/ JAYNE G WILLIAMS
JAYNE G WILLIAMS
Debtor 2 (if joint case)

UNITED STATES BANKRUPTCY COURT

DISTRICT OF MINNESOTA

In Re:                                              Bkry Case No: 17-33811

Charles T. Williams                                 Chapter 13

and

Jayne G. Williams                                   **UNSWORN CERTIFICATE**

Debtors.                          **OF SERVICE**

I, Melissa S. Matthews, employed by Hoglund & Chwialkowski & Mrozik, PLLC, attorneys licensed to practice law in this Court, with office address of 1781 West County Road B, Roseville, Minnesota 55113, declare that on May 18, 2018, I served the Post Confirmation Modified Chapter 13 Plan and the Notice of Hearing and Motion to Modify the Chapter 13 Plan and Memorandum of Law to each of the entities named below by first class mail postage prepaid and to any entities who are Filing Users, by automatic e-mail notification pursuant to the Electronic Case Filing System:

**The following were served via first class mail postage prepaid:**

Charles T. Williams
Jayne G. Williams
2407 Carter Avenue
St. Paul, MN 55108

And to all creditors/parties in interest listed on matrix (see attached)

I declare, under penalty of perjury, that the foregoing is true and correct.

Dated: May 18, 2018
Signed: /e/ Melissa S. Matthews
                Paralegal

Label Matrix for local noticing
0864-3
Case 17-33811
District of Minnesota
St Paul
Fri May 18 08:30:42 CDT 2018

St Paul
200 Warren E Burger Federal Building and
US Courthouse
316 N Robert St
St Paul, MN 55101-1465

ALLINA HEALTH SYSTEM
RELIANCE RECOVERIES
PO BOX 29227
BROOKLYN CENTER MN 55429-0227

ARS NATIONAL SERVICES
PO BOX 463023
ESCONDIDO CA 92046-3023

CAPITAL ONE AUTO FINANCE
PO BOX 60511
CITY OF INDUSTRY CA 91716-0511

CAPITAL ONE BANK
PO BOX 6492
CAROL STREAM IL 60197-6492

CONSUMER PORTFOLIO SERVICES
19500 JAMBOREE RD
IRVINE CA 92612-2411

CONSUMER PORTFOLIO SERVICES
PO BOX 57071
IRVINE CA 92619-7071

Capital One Auto Finance,
4515 N Santa Fe Ave. Dept APS
Oklahoma City, OK 73118-7901

Capital One Auto Finance, a division of Capi
AIS Portfolio Services, LP
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

IRS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Internal Revenue Service
PO Box 7346
Philadelphia PA 19101-7346

MIDLAND FUNDING LLC
PO BOX 2011
WARREN MI 48090-2011

MN DEPT OF REVENUE
551 BKCY SECTION CEU DEPT
PO BOX 64447
SAINT PAUL MN 55164-0447

PAYDAY AMERICA INC
181 RIVER RIDGE CIR S
BURNSVILLE MN 55337-1627

RELIANCE RECOVERIES
6160 SUMMIT DR STE 420
BROOKLYN CENTER MN 55430-2149

U.S. Department of Education C/O Nelnet
121 S 13TH ST, SUITE 201
LINCOLN, NE 68508-1911

US DEPT OF EDUCATION
PO BOX 740283
ATLANTA GA 30374-0283

US Trustee
1015 US Courthouse
300 S 4th St
Minneapolis, MN 55415-3070

WELLS FARGO DEALER SERVICE
PO BOX 25341
SANTA ANA CA 92799-5341

Wells Fargo Bank, N.A., d/b/a WFDS
P.O. Box 19657
Irvine, CA 92623-9657

CHARLES T WILLIAMS
2407 CARTER AVE
SAINT PAUL, MN 55108-1625

Gregory A Burrell
100 South Fifth Street
Suite 480
Minneapolis, MN 55402-1250

JAYNE G WILLIAMS
2407 CARTER AVE
SAINT PAUL, MN 55108-1625

Robert J. Hoglund
Hoglund, Chwialkowski & Mrozik, PLLC
1781 West County Road B
P.O. Box 130938
Roseville, MN 55113-0019

End of Label Matrix
Mailable recipients    24
Bypassed recipients    0
Total                  24

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF MINNESOTA

In re:                                                      Bankruptcy Case Number: 17-33811

Charles T. Williams,

and                                                         **SIGNATURE DECLARATION**

Jayne G. Williams,            Debtor(s).

( ) PETITION, SCHEDULES & STATEMENTS
( ) CHAPTER 13 PLAN
( ) SCHEDULES & STATEMENTS ACCOMPANYING VERIFIED CONVERSION
( ) AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
(X) MODIFIED CHAPTER 13 PLAN/MOTION FOR HEARING
( ) OTHER:

I (we), the undersigned debtor(s) or authorized representative of the debtor, make the following declarations under penalty of perjury:

1. The information I have given my attorney for the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;

2. The Social Security Number or Tax Identification Number I have given to my attorney for entry into the court's Case Management/Electronic Case Filing (CM/ECF) system as a part of the electronic commencement of the above-references case is true and correct;

3. **[individual debtors only]** If no Social Security Number was provided as described in paragraph 2 above, it is because I do not have a Social Security Number;

4. I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration;

5. My electronic signature contained on the documents filed with the Bankruptcy Court has the same effect as if it were my original signature on those documents; and

6. **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date: 5|15|18

Signature of Debtor 1 or Authorized Individual

**Charles T. Williams**
Printed Name of Debtor 1 or Authorized Individual

Signature of Debtor 2

**Jayne G. Williams**
Printed Name of Debtor 2

HOGLUND, CHWIALKOWSKI & MROZIK, PLLC
Signed: */e/ Robert J. Hoglund*
Robert J. Hoglund    #210997
1781 West County Road B
P.O. Box 130938
Roseville, Minnesota 55113
Telephone Number: (651) 628-9929

signdecj